UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-11592-GAO

BELLUS REAL ESTATE SERVICES AND MANAGEMENT CORPORATION,
Plaintiff,

v.

DANIEL W. BRODEUR, a/k/a DANIEL BRODEUR,
and DIANE S. BRODEUR, a/k/a DIANE BRODEUR,
Defendants.

OPINION AND ORDER
September 30, 2021

O'TOOLE, S.D.J.

This case arises from the failed negotiations for the lease of a rental property allegedly owned by the defendants, Daniel and Diane Brodeur. The plaintiff, Bellus Real Estate Services and Management Corporation, alleges that the defendants violated the Fair Housing Act and Massachusetts General Laws ch. 151B when Mr. Brodeur declined to lease the property after learning that it would house individuals in recovery from substance abuse. The defendants have moved to dismiss the complaint under Rule 12 of the Federal Rules of Civil Procedure for failure to state a claim.

According to the allegations in the complaint, Bellus Real Estate Services and Management Corporation manages, sells, and leases properties for itself and others, including managing and operating sober housing for individuals in recovery from addiction. A representative of Bellus responded to an advertisement for a particular property listed for rent on Craigslist. Bellus inquired whether the property could be rented under a corporate lease. Mr. Brodeur, the co-owner of the property, responded that he had two rental properties available and that he would be interested in

discussing the lease. After several communications concerning the rental, Bellus indicated the property would be occupied by individuals in recovery. Mr. Brodeur almost immediately replied, stating that "they have decided this is . . . not an arrangement I want to enter into," and thereafter ceased communications. (Compl. & Req. for Jury Trial ¶ 12 (dkt. no. 7-1.)

The plaintiff's allegations plausibly state a claim for relief under both the Federal Housing Act and chapter 151B.[1] Under the Federal Housing Act, it is "unlawful . . . to discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of (A) that buyer or renter, (B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or (C) any person associated with that buyer or renter." 42 U.S.C. § 3604(f)(1)(A)–(C). A "handicap" includes drug addiction or alcoholism that substantially limits one or more major life activities. 24 C.F.R. § 100.201.

Bellus has pled facts which plausibly show a protected characteristic is implicated as the defendants were unwilling to allow Bellus to rent and use apartments to house individuals with a handicap. Bellus alleges that Mr. Brodeur first demonstrated interest in discussing a corporate lease of his available properties but then abruptly changed his mind and terminated negotiations almost immediately after learning that the property would be used for individuals in recovery. Mr. Brodeur's sudden change of heart in these circumstances is sufficient to permit an inference that the protected characteristic of the potential occupants played a role in his decision. While there may be a variety of reasons for his sudden refusal to rent available units to Bellus, all of which

---

[1] Because chapter 151B of the Massachusetts General Laws contains provisions analogous to the Fair Housing Act, the plaintiff's state law claim survives as well. See, e.g., Vanderburgh House, LLC v. City of Worcester, No. CV 18-40063-TSH, 2021 WL 1195800, at *5 (D. Mass. Mar. 30, 2021).

may be unearthed in discovery, the allegations are sufficient to meet the plausibility standard of federal pleading practice. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Consequently, the defendants' Motion to Dismiss the Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (dkt. no. 13) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
Senior United States District